IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRIAN M. LEYS,
        Plaintiff,

v.                                                Civil Action No. 3:22cv431

METAL SERVICES, LLC, et al.,
        Defendants.

## **FINAL ORDER**

This matter comes before the Court on a motion filed by the plaintiff, Brian M. Leys. (ECF No. 19.) The motion asks for dismissal of the defendant, Metal Services d/b/a Phoenix Services, LLC ("Phoenix"), due to bankruptcy discharge; removal of the stay as to the defendant, Louis Wiggins; and a hearing on Wiggins's motion to dismiss as to Counts I and III.

Leys filed his complaint on June 10, 2022, which alleged seven claims against the defendants, including four federal law claims against Phoenix and three state common law claims: common law discharge in violation of public policy against Wiggins (Count I); common law discharge in violation of public policy against Phoenix (Count II); and intentional infliction of emotional distress against both defendants (Count III).

The defendants filed a partial motion to dismiss Counts I, II, and III. Phoenix then entered bankruptcy proceedings, so the Court stayed the case on November 3, 2022, pending resolution of those proceedings. (ECF No. 18.)

In the instant motion, Leys explains that the bankruptcy proceedings have ended and Phoenix "has discharged the debt arising from claims against it in this action as part of Chapter 11 proceedings." (ECF No. 20, at 1.) Accordingly, Leys asks the Court to dismiss Phoenix from the case, lift the stay, and retain supplemental jurisdiction over Counts I and III as to Wiggins. The

defendants "do not oppose dismissal of" Phoenix "or the Court's continued jurisdiction to address" the pending motion to dismiss the remaining claims against Wiggins. (*Id.* at 3.)

"The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain *or* dismiss state law claims when the federal basis for an action drops away." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). The dismissal of the federal claims against Phoenix would leave only state law claims against Wiggins. And before the stay in this case, the parties had only briefed the partial motion to dismiss. Because this case remains in its early stages and the only remaining claims involve purely state law issues, the Court will decline to exercise supplemental jurisdiction over the claims against Wiggins. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, the Court LIFTS the stay and GRANTS the motion IN PART and DENIES the motion IN PART. (ECF No. 19.) Because Phoenix has discharged its debts related to the claims in this case, the Court DISMISSES Counts II through VII against Phoenix. For the reasons stated above, the Court DECLINES to exercise supplemental jurisdiction over the state law claims against Wiggins and DISMISSES Counts I and III WITHOUT PREJUDICE. The Court DIRECTS the Clerk to close the case.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 6 June 2024
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge